IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES BUECHLER, | * |
| *Plaintiff,* | * Case No.: 11-cv-3283 |
| v. | * Filed Electronically |
| BALWANT SINGH, | * |
| and | * |
| USA LIQUORS LLC trading as JOHNSTON DISCOUNT LIQUORS | * |
| | * |
| and DOES 1-10, inclusive, | * |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, by his undersigned counsel, respectfully moves for a default judgment in favor of the Plaintiff and against Defendants, **USA Liquors LLC** and **Balwant Singh**, jointly and severally, in the amount of $2,510.00. Judgment in this amount should be entered for the following reasons:

**Plaintiff's Complaint**

1.   On November 16, 2011, Plaintiff instituted this action by filing his Complaint. ECF 1. Plaintiff's complaint alleges that Defendants violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq., and its implementing regulations 12 C.F.R. § 205, et seq., (hereinafter referred to collectively as the

1

"EFTA").

2.      The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and its implementing regulation is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires that specific disclosures be given by operators of an automated teller machine ("ATM") to consumer users of an ATM, prior to the imposition of a fee for using the ATM. 15 U.S.C. § 1693b.

3.      There are over 350,000 ATMs located in the United States, accounting for 13 billion transactions annually. Over 200 million consumers over the age of 18 have an ATM card. The average surcharge imposed for use of an ATM is $2.00 per transaction. It is estimated that 3% to 5% of an establishments' daily foot traffic will use an ATM machine located in the establishment. Thus, charging consumers for access to cash from their checking and savings accounts is a $26 billion industry, on an annual basis.

4.      Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

5.      15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.

6.      15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

(B)   Notice requirements

On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

On the screen

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

7.  The relevant implementing regulation, 12 C.F.R. § 205.16(c), reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and, 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

8.  15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless8EFTA's notice and posting requirements are followed by the ATM operator.

9.  The EFTA imposes strict liability upon ATM operators which fail to comply with its disclosure requirements. See, e.g., Flores v. Diamond Bank, 2008

WL 4861511, *1 (N.D. Ill. Nov. 7, 2008)(Hibbler, J.)("Among the protections afforded to consumers is the right to receive notice from ATM operator of the existence and amount of any fee that operator might impose on consumers for conducting transactions at the ATM. 15 U.S.C. § 1693b(d)(3). This requires the ATM operator to place notice both on the machine itself and upon the ATM screen. 15 U.S.C. § 1693b(d)(3)(B)"). A plaintiff seeking statutory damages under the EFTA need not prove that he or she has sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into the transaction. Burns v. First American Bank, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19 2006)("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

10.     Enforcement of EFTA's mandatory notice requirements is conducted primarily by way of private litigation brought by consumers, such as the Plaintiffs, who are experienced and knowledgeable of the notice requirements of EFTA. As explained in House Report 95-1315, the EFTA's civil liability provision "is the backbone of enforcement of this legislation." The threat of lawsuits, such as this one, persuades responsible financial institutions and ATM operators to "comply with the spirit and letter of the law." Without the civil liability provision, "a financial institution could violate the [Statute] with respect to thousands of consumers without their knowledge, if its financial impact was small enough or hard to discover." For this reason, the civil liability provision is "an essential part

4

of enforcement of the bill because, all too often, although many consumers have been harmed, the actual damages in contrast to the legal costs to individuals are not enough to encourage a consumer to sue." Individual enforcement actions are often the catalyst to ensuring compliance with the statute and result in protecting future consumers from injury.

11. On September 23, 2011, Plaintiff James Buechler made an electronic fund transfer at an ATM operated by Defendants located at Johnston's Discount Liquor, 1170 Rock Spring Road, Rising Sun, Maryland. See Exhibit 1. Plaintiff James Buechler did not hold an account with Defendants.

12. At the time of the above-described electronic transaction, Defendants were acting as an "automated teller machine operator" that operated the automated teller machine at which Plaintiff James Buechler initiated an electronic fund transfer.

13. Defendants charged Plaintiff James Buechler a "Terminal Fee" of $2.00 in connection with the above-described transactions. *See* **Exhibit 1**.

14. However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by the Defendants apprising consumers that a fee may be charged for use of the ATM. *See* **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**.

15. Because Defendants did not post the required notice, they were not permitted to charge any usage fee to Plaintiff James Buechler.

## **Defendants' Default**

16. Defendant, USA Liquors LLC was served with a Summons and Complaint by serving on the Resident Agent, Balwant Singh on November 29, 2011. *See* ECF 5. Defendant, Balwant Singh was served on the same date. *See* ECF 4.

17. The deadline by which USA Liquors LLC and Balwant Sing were to respond to the Complaint was December 20, 2011.

18. When no Answer, or Motion to Dismiss or for Summary Judgment was filed by the aforementioned Defendants, Plaintiff filed a Request for Entry of Default as to Balwant Singh, ECF 6 and a Request for Entry of Default as to USA Liquors LLC, ECF 7.

19. The Clerk entered an Order of Default as to USA Liquors LLC on February 3, 2012, ECF 8 and entered an Order of Default as to Balwant Singh on February 28, 2012, ECF 9.

## **Request for Relief**

20. Plaintiff is entitled to entry of a Default Judgment under Fed. R. Civ. Proc. 55(b)(2) based upon the Defendants' failure to plead or otherwise defend this action.

21. Plaintiff's complaint seeks a recovery of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A), which provides for a statutory damage amount of "not less than $100 and not more than $1000" for each violation. Due to Defendant's failure to plead, Plaintiff should be awarded statutory damages of

$1,000.00.

22.     Plaintiff is entitled to recover costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3). As demonstrated in the Declaration of E. David Hoskins accompanying this motion, Plaintiff should be awarded reasonable attorneys fees in the amount of $1,160.00 and taxable costs of $350.00.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor in the amount of $2,510.00.

                                              Respectfully submitted,

This 2nd day of April, 2012        /s/ E. David Hoskins
                                            E. David Hoskins
                                            Federal Bar No. 06705
                                            THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                                            Quadrangle Building at Cross Keys
                                            2 Hamill Road, Suite 362
                                            Baltimore, Maryland 21210
                                            (410) 662-6500

## CERTIFICATE OF SERVICE

This is to certify that I served the foregoing by First Class Mail, postage pre-paid to the following:

                                            Balwant Singh
                                            956 Hillswood Road, Apt. I
                                            Bel Air, Maryland  21014

This 2nd day of April, 2012        /s/ E. David Hoskins
                                            E. David Hoskins